FILED
CLERK, U.S. DISTRICT COURT

5/8/2024

CENTRAL DISTRICT OF CALIFORNIA
BY: ___CDO___ DEPUTY

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | CR No. 8:24-cr-00054-JWH |
| Plaintiff, | I N F O R M A T I O N |
| v. | [18 U.S.C. § 1344(2): Bank Fraud; 26 U.S.C. § 7206(1): Subscribing to False Tax Return; 18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461(c): Criminal Forfeiture] |
| IPPEI MIZUHARA, | |
| Defendant. | |

The United States Attorney charges:

COUNT ONE

[18 U.S.C. §§ 1344(2), 2(b)]

A.  INTRODUCTORY ALLEGATIONS

At times relevant to this Information:

1. Victim A was a professional baseball player from Japan who signed a contract to play baseball for a Major League Baseball team (the "Team") located in the Central District of California beginning in 2018.

2. Defendant IPPEI MIZUHARA was hired by the Team to be a Japanese-language interpreter for Victim A. Defendant MIZUHARA also drove Victim A to meetings and interpreted for Victim A outside of

baseball activities. Defendant MIZUHARA acted as a de facto manager and gatekeeper to Victim A.

3. Defendant MIZUHARA would regularly interact with Victim A's sports agents and financial advisors on behalf of Victim A because Victim A did not speak English and Victim A's agents and financial advisors did not speak Japanese.

4. Bank A was domestic financial institution insured by the Federal Deposit Insurance Corporation.

5. On March 8, 2018, defendant MIZUHARA accompanied Victim A to Bank A in Phoenix, Arizona, to assist Victim A in opening a bank account to deposit Victim A's payroll salary. Inside Bank A, defendant MIZUHARA interpreted for Victim A and assisted him in opening a bank account (the "x5848 Account"). Defendant MIZUHARA also interpreted for Victim A when the bank employee provided Victim A the login information for the x5848 Account on Bank A's website.

6. Beginning in or about September 2021, defendant MIZUHARA began placing bets with an illegal bookmaker. Shortly thereafter, defendant MIZUHARA began to lose bets and quickly became indebted to the bookmaker.

B. THE SCHEME TO DEFRAUD

7. Beginning no later than in or about November 2021, and continuing through in or about March 2024, in Orange County, within the Central District of California, and elsewhere, defendant MIZUHARA, knowingly and with the intent to defraud, devised, participated in, and executed a scheme and plan designed to obtain money and property owned by and in custody and control of Bank A, from the x5848 Account, by means of materially false and fraudulent

pretenses, representations, and promises, and the concealment of material facts.

8. The fraudulent scheme operated and was carried out, in substance, in the following manner:

   a. Using the password for the x5848 Account that defendant MIZUHARA recalled from when he assisted Victim A in opening the account in 2018, defendant MIZUHARA successfully signed into the x5848 Account on Bank A's website in November 2021.

   b. After obtaining access to the x5848 Account, defendant MIZUHARA changed the registered email address and phone number on the account so Bank A employees would call defendant MIZUHARA, and not Victim A, when attempting to verify wire transfers from the x5848 Account.

   c. Defendant MIZUHARA then, without the permission or authorization of Victim A, knowingly accessed the x5848 Account and transferred funds from that account to others, known and unknown to the United States Attorney, for the purpose of paying gambling debts incurred by defendant MIZUHARA.

9. In total, as a result of the aforementioned scheme to defraud, between in or about November 2021 and in or about March 2024, defendant MIZUHARA fraudulently transferred and willfully caused to be transferred approximately $16.5 million from the x5848 Account to pay defendant MIZUHARA's gambling debts and other personal expenses.

C. EXECUTION OF THE FRAUDULENT SCHEME

10. On or about June 20, 2023, in Orange County, within the Central District of California, and elsewhere, defendant MIZUHARA committed and willfully caused others to commit an act which

constituted an execution of the fraudulent scheme, namely, defendant accessed the x5848 Account from the Central District of California pretending to be Victim A and conducted a wire transfer of $500,000 to an account controlled by an associate of the bookmaker.

COUNT TWO

[26 U.S.C. § 7206(1)]

On or about February 1, 2024, in Los Angeles County, within the Central District of California, and elsewhere, defendant IPPEI MIZUHARA willfully made and subscribed to a materially false United States Individual Income Tax Return, Form 1040, for calendar year 2022, which was filed with the Internal Revenue Service and verified by a written declaration that it was made under the penalties of perjury, and which income tax return defendant MIZUHARA did not believe to be true as to every material matter, in that, on such Form 1040, defendant MIZUHARA reported on line 15 that his taxable income for calendar year 2022 was $136,865, when, as defendant MIZUHARA then knew, his taxable income for that year was substantially higher than he reported.

FORFEITURE ALLEGATION

[18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461(c)]

1. Pursuant to Rule 32.2 of the Federal Rules of Criminal Procedure, notice is hereby given that the United States of America will seek forfeiture as part of any sentence, pursuant to Title 18, United States Code, Section 981(a)(1)(C) and Title 28, United States Code, Section 2461(c), in the event of the defendant's conviction of the offense set forth in Count One of this Information.

2. The defendant, if so convicted, shall forfeit to the United States of America the following:

    a. All right, title, and interest in any and all property, real or personal, constituting, or derived from, any proceeds traceable to the offense, including, but not limited to various collectible baseball cards and sports memorabilia, including associated protective containers, seized on or about March 25, 2024 and April 5, 2024; and

    b. To the extent such property is not available for forfeiture, a sum of money equal to the total value of the property described in subparagraph (a).

3. Pursuant to Title 21, United States Code, Section 853(p), as incorporated by Title 28, United States Code, Section 2461(c), the defendant, if so convicted, shall forfeit substitute property, up to the value of the property described in the preceding paragraph if, as the result of any act or omission of the defendant, the property described in the preceding paragraph or any portion thereof (a) cannot be located upon the exercise of due diligence; (b) has been transferred, sold to, or deposited with a third party; (c) has been placed beyond the jurisdiction of the court; (d) has been

substantially diminished in value; or (e) has been commingled with other property that cannot be divided without difficulty.

E. MARTIN ESTRADA
United States Attorney

MACK E. JENKINS
Assistant United States Attorney
Chief, Criminal Division

KRISTEN A. WILLIAMS
Assistant United States Attorney
Chief, Major Frauds Section

SCOTT PAETTY
Assistant United States Attorney
Deputy Chief, Major Frauds Section

JEFF MITCHELL
Assistant United States Attorney
Major Frauds Section

DAN G. BOYLE
Assistant United States Attorney
Environmental Crimes and
 Consumer Protection Section

RACHEL N. AGRESS
Special Assistant United States Attorney