E. MARTIN ESTRADA
United States Attorney
MACK E. JENKINS
Assistant United States Attorney
Chief, Criminal Division
JEFF MITCHELL (Cal. Bar No. 236225)
Assistant United States Attorney
Major Frauds Section
DAN G. BOYLE (Cal. Bar No. 332518)
Assistant United States Attorney
Environmental Crimes and
Consumer Protection Section
RACHEL N. AGRESS (Cal. Bar No. 281703)
Special Assistant United States Attorney
     1100/1300 United States Courthouse
     312 North Spring Street
     Los Angeles, California 90012
     Telephone: (213) 894-0698/2426
     Facsimile: (213) 894-6269
     E-mail:    jeff.mitchell@usdoj.gov
                daniel.boyle2@usdoj.gov
                rachel.agress@usdoj.gov

Attorneys for Plaintiff
UNITED STATES OF AMERICA

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA, | CR No. 24-00054-JWH |
|---|---|
| Plaintiff, | GOVERNMENT'S RESPONSE TO DEFENDANT IPPEI MIZUHARA'S NOTICE OF RELATED CASES |
| v. | |
| IPPEI MIZUHARA, | |
| Defendant. | |

Plaintiff United States of America, by and through its counsel of record, the United States Attorney for the Central District of California and Assistant United States Attorney Jeff Mitchell, hereby files its response to Defendant Ippei Mizuhara's Notice of Related Cases.

//

//

This response is based upon the attached memorandum of points and authorities, the files and records in this case, and such further evidence and argument as the Court may permit.

Dated: May 9, 2024                    Respectfully submitted,

                                                 E. MARTIN ESTRADA
                                                 United States Attorney

                                               MACK E. JENKINS
                                               Assistant United States Attorney
                                               Chief, Criminal Division

                                                 */s/ Jeff Mitchell*
                                               JEFF MITCHELL
                                               Assistant United States Attorney

                                               Attorneys for Plaintiff
                                               UNITED STATES OF AMERICA

**MEMORANDUM OF POINTS AND AUTHORITIES**

**I.  INTRODUCTION**

On May 8, 2024, the government filed a plea agreement and Information for defendant Ippei MIZUHARA.  It appeared on the docket the same day and was assigned to the Honorable John W. Holcomb.  In the plea agreement, defendant agrees to plead guilty to Bank Fraud and Subscribing to a False Tax Return.  (Dkt. No. 18.)  The government did not file a Notice of Related Case.

Defendant MIZUHARA, however, filed a Notice of Related Case shortly after the plea agreement was filed.  In his notice, defendant argues that his case is related to the following cases:

- United States v. Kenneth Arsenian, 21-CR-571-DMG
- United States v. Joseph Castelao, 22-CR-32-DMG
- United States v. Howard Miller, 22-CR-79-DMG
- United States v. Wayne Nix, 22-CR-80-DMG
- United States v. Yasiel Puig Valdes, 22-CR-394-DMG
- United States v. Scott Sibella, 23-CR-656-DMG

All the cases which the defendant cites stem from an investigation the government has previously referred to as the "Wayne Nix Gambling Business."  The government hereby files its response to defendant's Notice of Related Case.

**II.  ARGUMENT**

**A.  The Local Rules**

Local Rule 7-4 directs the parties to file a Notice of Related Case when:

> a criminal case previously filed and one or more informations or indictments later filed:
>
> (a) arise out of the same conspiracy, common scheme, transaction, series of transactions or events; or

       (b) involve one or more defendants in common, and would entail substantial duplication of labor in pretrial, trial or sentencing proceedings if heard by different judges.

Here, defendant argues that his case is related to the Wayne Nix cases because he believes "they arise out of the same investigation of 'illegal sports bookmaking organizations operating in Southern California,'" and cites to the complaint filed in this matter. (Defendant's Notice of Related Case at 2.)

Defendant is correct that the complaint states that the instant case arises out of the same investigation; however, that is typically not sufficient to qualify as a related case under the Local Rules. The Local Rules require that the instant case arise out of the same "conspiracy, common scheme . . . or events." Alternatively, the Local Rules require a Notice of Related Case if there are defendants in common or the instant case would entail substantial duplication of labor in court proceedings. To the government's knowledge, neither factor appears present here. For these reasons, the government did not file a Notice of Related Case.

    **B.**   **United States v. Wayne Nix, et al.**

As described in the complaint, the government's investigation into illegal sports gambling and money laundering through Las Vegas casinos began several years ago and has resulted in the convictions of 12 criminal defendants and one money service business, as well as non-prosecution agreements with two Las Vegas casinos. All of those cases related to Wayne Nix and/or the Nix Gambling Business.

Defendant MIZUHARA, however, placed illegal sports bets with an individual referred to as Bookmaker 1. (Complaint Affidavit ¶ 15.)

Bookmaker 1 is not Wayne Nix or any of Nix's agents that were charged in the above-described cases.

The government began investigating Bookmaker 1 in the summer of 2023, long after the conclusion of the Nix investigation. To the government's knowledge, Bookmaker 1 and defendant MIZUHARA have no overlap with Wayne Nix or those related cases. Bookmaker 1 was working with a different group of agents and laundering his illicit proceeds through different casinos in Las Vegas. The government's investigation into those individuals and casinos is ongoing. The government, however, is aware that Bookmaker 1 communicated with the defendant in <u>United States v. Matthew Funke</u>, CR No. 21-579-DMG. Based on those communications, it appears that Bookmaker 1 placed personal bets with Funke in 2019.

### III. CONCLUSION

For the foregoing reasons, the government respectfully defers to the wisdom of the Court on this matter.