UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

SOUTHERN DIVISION AT SANTA ANA

HONORABLE JOHN W. HOLCOMB, JUDGE PRESIDING

UNITED STATES OF AMERICA,          )
                                   )
          PLAINTIFF,               )
                                   )
          vs.                      ) SACR NO. 24-00054-JWH
                                   )
IPPEI MIZUHARA,                    )
                                   )
          DEFENDANT.               )
_____)

REPORTER'S TRANSCRIPT OF PROCEEDINGS

SANTA ANA, CALIFORNIA

TUESDAY, JUNE 4, 2024

9:00 A.M.

DEBORAH D. PARKER, CSR 10342
OFFICIAL COURT REPORTER
UNITED STATES DISTRICT COURT
411 WEST FOURTH STREET
SUITE 1-053
SANTA ANA, CALIFORNIA 92701
(657) 229-4305
transcripts@ddparker.com

APPEARANCES OF COUNSEL:

    FOR THE PLAINTIFF, UNITED STATES OF AMERICA:

                        E. MARTIN ESTRADA
                        UNITED STATES ATTORNEY

                        MACK E. JENKINS
                        ASSISTANT UNITED STATES ATTORNEY
                        CHIEF, CRIMINAL DIVISION

                        JEFF P. MITCHELL
                        ASSISTANT UNITED STATES ATTORNEY
                        UNITED STATES DISTRICT COURT
                        312 NORTH SPRING STREET
                        1100 UNITED STATES COURTHOUSE
                        LOS ANGELES, CALIFORNIA 90012
                        (213) 894-0698
                        jeff.mitchell@usdoj.gov

                        RACHEL N. AGRESS
                        ASSISTANT UNITED STATES ATTORNEY
                        UNITED STATES DISTRICT COURT
                        312 NORTH SPRING STREET
                        1300 UNITED STATES COURTHOUSE
                        LOS ANGELES, CALIFORNIA 90012
                        (213) 894-2426
                        rachel.agress@usdoj.gov


    FOR THE DEFENDANT, IPPEI MIZUHARA:

                        MICHAEL G. FREEDMAN
                        FREEDMAN FIRM
                        1801 CENTURY PARK EAST
                        SUITE 450
                        LOS ANGELES, CALIFORNIA 90067
                        (310) 285-2210
                        michael@the freedmanfirm.com

| | |
|---|---|
| 1 | **SANTA ANA, CALIFORNIA; TUESDAY, JUNE 4, 2024; 9:00 A.M.** |
| 2 | -oOo- |
| 3 | THE CLERK:  Calling Calendar Item No. 1 -- |
| 4 | THE COURT:  Hold on a second, Madam Clerk, just |
| 5 | before you do. |
| 6 | Just a quick reminder to everybody.  Happy to see |
| 7 | all the guests that we have here.  I believe very deeply in |
| 8 | the First Amendment and the right under the First Amendment |
| 9 | that the federal courts are open to the public and to the |
| 09:00:19 10 | media.  And so, again, welcome to all of you. |
| 11 | One rule, I think my clerk told you and you've |
| 12 | probably seen the signs, there's no recording of the |
| 13 | proceedings here in the courtroom.  So no cameras, no |
| 14 | smartphone recording, no still photographs, no video |
| 09:00:37 15 | recording, no audio recording.  If anybody violates that |
| 16 | rule, the Court Security Officers and the Marshals are |
| 17 | directed to remove you.  So please comply with that rule |
| 18 | and.  With that, Welcome. |
| 19 | Now, Madam Clerk, sorry to have interrupted you. |
| 09:00:54 20 | Go ahead. |
| 21 | THE CLERK:  Calling Calendar Item No. 1. |
| 22 | Case No. 8:24-CR-00054-JWH, United States of America versus |
| 23 | Ippei Mizuhara. |
| 24 | Counsel, would you, please, state your appearances |
| 09:01:06 25 | for the record, beginning with the Government. |

4

09:01:08  1           MR. MITCHELL:  Good morning, Your Honor.

      2           Jeff Mitchell and Rachel Agress, on behalf of the

      3  United States.

      4           THE COURT:  Mr. Mitchell and Ms. Agress, good

09:01:16  5  morning.

      6           Ms. Agress, am I pronouncing your name properly?

      7           MS. AGRESS:  You are, Your Honor.  Thank you.

      8           THE COURT:  Thank you.

      9           MR. FREEDMAN:  Good morning, Your Honor.

09:01:23 10           Michael Freedman for Mr. Ippei Mizuhara, who is

     11  present at counsel table on bond.

     12           THE COURT:  All right.  Mr. Freedman, good

     13  morning.  Mr. Mizuhara, good morning to you.  And if I

     14  mispronounce your names, please let me know.

09:01:37 15           Mr. Freedman, before we get started with the

     16  actual change of plea and administer the oath to

     17  Mr. Mizuhara, I had a question about the plea agreement.  I

     18  wanted to make sure there wasn't a mistake.  Perhaps I'm

     19  misreading it or it's not a mistake.  I just want to confirm

09:01:56 20  that, because I don't want this defendant to waive any of

     21  his rights if there's an issue.

     22           Could you stand at the lectern?  I just want to

     23  make sure you're close to a microphone.

     24      *(Pause.)*

09:02:05 25           THE COURT:  Thank you, sir.

```
09:02:06   1           Do you have a copy of the plea agreement?
           2           MR. FREEDMAN:  I do.
           3           THE COURT:  So here's the issue that I see.  On
           4   page 16, paragraph 18, that's where the parties agree on the
09:02:19   5   total offense level.
           6           Do you see that?
           7           MR. FREEDMAN:  Yes.
           8           THE COURT:  So there's a base offense level of 7,
           9   an increase of 20 levels for special characteristics and
09:02:31  10   then another two.  So 7, plus 20, plus 2 is 29.
          11           Concur?
          12           MR. FREEDMAN:  Yes.
          13           THE COURT:  And then the parties, on page 6,
          14   paragraph 5C, agree to a two-level reduction for acceptance
09:02:48  15   of responsibility -- actually, a three-level reduction if
          16   it's available.
          17           MR. FREEDMAN:  Yes.
          18           THE COURT:  So by my math, 29 minus 3 is 26.  But
          19   in the section where there's a limited mutual waiver of
09:03:05  20   appeal of sentence, paragraph 23, defendant -- and I'm
          21   reading:
          22               "Defendant agrees that provided the
          23               Court imposes a term of imprisonment
          24               within or below the range corresponding
09:03:18  25               to an offense level of 25."
```

6

| | |
|---|---|
| 09:03:21 | 1 |

So that's -- that's the issue.  That's the
potential anomaly.  Now, maybe it was entirely intentional
and that's perfectly fine.  I don't get involved in plea
negotiations.  I wanted to make sure there wasn't a mistake,
so go ahead and tell me what you wish to tell me.

MR. FREEDMAN:  Yes, Your Honor.

I appreciate you bringing that to my attention.  I
don't believe that it was a mistake, and I don't want to
overstep Rule 11.  But could I have a moment to confer with
Government counsel, because I believe this was the subject
of some discussion, but I just want to confer?

THE COURT:  Yes, please.  And before you do, also
paragraph 25, the Government likewise agrees.  And reading
again from line 24:  "The Court imposes a term of
imprisonment within or above the range corresponding to an
offense level of 25."

So please do confer.  Thank you.

MR. FREEDMAN:  Thank you.

*(Counsel confer off the record.)*

MR. FREEDMAN:  Thank you for that, Your Honor.

I've spoken with Government counsel and I've
confirmed what I recall; which is, as the parties
anticipated -- obviously, the Court will ultimately decide.
But our anticipation is that Mr. Mizuhara will qualify for a
further two-level reduction under the newly enacted

09:04:51  1   zero-point offender amendment to the guidelines.  There

2   would then be a one-point adjustment, because there are two

3   counts.

4            THE COURT:  Understood.

09:05:01  5            MR. FREEDMAN:  So a multi-count adjustment.

6            That's where the difference of one that Your Honor

7   has noted comes from.

8            THE COURT:  Very well.

9            MR. FREEDMAN:  And we had discussed before, and I

09:05:08 10   discussed that with Mr. Mizuhara.

11            THE COURT:  Very well.  Thank you for confirming

12   that.

13            MR. FREEDMAN:  Thank you.

14            THE COURT:  And to be clear, we're here on a

09:05:17 15   change of plea, Mr. Freedman.  And Mr. Mizuhara wishes to

16   enter a guilty plea with respect to both Counts One and Two,

17   correct?

18            MR. FREEDMAN:  That is correct.

19            THE COURT:  All right.  Would you mind both

09:05:29 20   standing at the lectern.

21            MR. FREEDMAN:  Of course.

22            THE COURT:  And whoever is speaking, make sure

23   you're close to the microphone.

24            So, Mr. Mizuhara, before I accept your plea of

09:05:40 25   guilty, I must be sure that you're fully informed of your

| | | |
|---|---|---|
| 09:05:44 | 1 | rights and that you understand those rights and the nature |
| | 2 | of this proceeding.  So I'm going to ask you a whole series |
| | 3 | of questions and tell you about the rights that you have. |
| | 4 | If you do not understand any of my questions or any |
| 09:05:58 | 5 | statement that I make, please stop me, and I'll do my very |
| | 6 | best to make it clear to you. |
| | 7 | Also please stop me at any time if you want to can |
| | 8 | communicate with your lawyer.  I'll give you all the time |
| | 9 | that you want or need to communicate with him. |
| 09:06:13 | 10 | Do you understand all that? |
| | 11 | DEFENDANT MIZUHARA:  Yes, sir. |
| | 12 | THE COURT:  We got it.  Thank you. |
| | 13 | Madam Clerk, could you please administer the oath |
| | 14 | to the defendant. |
| 09:06:24 | 15 | THE CLERK:  Yes.  If you would please raise your |
| | 16 | right hand. |
| | 17 | IPPEI MIZUHARA, DEFENDANT, HEREIN SWORN |
| | 18 | DEFENDANT MIZUHARA:  Yes. |
| | 19 | THE CLERK:  Thank you. |
| 09:06:39 | 20 | THE COURT:  Mr. Mizuhara, do you understand that |
| | 21 | you're now under oath and that your answers may be used |
| | 22 | against you in any prosecution for perjury or for making a |
| | 23 | false statement? |
| | 24 | DEFENDANT MIZUHARA:  Yes, sir. |
| 09:06:51 | 25 | THE COURT:  Do you understand that you have the |

*UNITED STATES DISTRICT COURT*

9

| | | |
|---|---|---|
| 09:06:52 | 1 | right to remain silent and not to answer any of my |
| | 2 | questions? |
| | 3 | Do you understand that? |
| | 4 | DEFENDANT MIZUHARA:  Yes, sir. |
| 09:06:59 | 5 | THE COURT:  Do you give up your right to remain |
| | 6 | silent? |
| | 7 | DEFENDANT MIZUHARA:  Yes, sir. |
| | 8 | THE COURT:  Counsel, do you join? |
| | 9 | MR. FREEDMAN:  Yes, Your Honor. |
| 09:07:06 | 10 | THE COURT:  Mr. Mizuhara, could you please state |
| | 11 | your true and correct full name. |
| | 12 | DEFENDANT MIZUHARA:  Ippei Mizuhara. |
| | 13 | THE COURT:  And how old are you, sir? |
| | 14 | DEFENDANT MIZUHARA:  39 years old. |
| 09:07:18 | 15 | THE COURT:  How many years of school have you |
| | 16 | completed? |
| | 17 | DEFENDANT MIZUHARA:  13. |
| | 18 | THE COURT:  And is that through the high school |
| | 19 | diploma? |
| 09:07:30 | 20 | DEFENDANT MIZUHARA:  Yes.  And a little bit of |
| | 21 | college. |
| | 22 | THE COURT:  I understand.  Now, this is kind of an |
| | 23 | odd question.  It appears to me that you're fully capable of |
| | 24 | communicating in the English language, but you're entitled |
| 09:07:43 | 25 | to an interpreter if you want one.  It's odd, because I |

09:07:45  1 | understand that you worked as an interpreter.  Nevertheless,

2 | do you want an interpreter?

3 |        DEFENDANT MIZUHARA:  No, I'm okay, sir.

4 |        THE COURT:  All right.  Now, I have to ask you

09:07:54  5 | some sensitive questions.  And the reason that I'm asking

6 | them is because I need to make a finding that you're

7 | competent and capable of making the important decision to

8 | plead guilty.

9 |        I'm going to ask these questions:  Have you been

09:08:08 10 | treated recently for any mental illness or addiction to

11 | narcotics of any kind?

12 |        DEFENDANT MIZUHARA:  No, sir.

13 |        THE COURT:  Are you under the influence of any

14 | drug, or medication, or alcoholic beverage of any kind right

09:08:20 15 | now?

16 |        DEFENDANT MIZUHARA:  No, sir.

17 |        THE COURT:  Have you had any drugs or medication

18 | or alcohol within the last three days?

19 |        DEFENDANT MIZUHARA:  No, sir.

09:08:30 20 |        THE COURT:  Do you suffer from any mental

21 | condition or disability that would prevent you from fully

22 | understanding the charges against you or the consequences of

23 | a guilty plea?

24 |        DEFENDANT MIZUHARA:  No, sir.

09:08:45 25 |        THE COURT:  Mr. Freedman, have you talked with

09:08:47  1   Mr. Mizuhara about these proceedings, what would happen here

2   today?

3              MR. FREEDMAN:  Yes, I have, Your Honor.

4              THE COURT:  Do you have any reason to believe that

09:08:55  5   he should not go forward with a guilty plea today?

6              MR. FREEDMAN:  No, I do not, Your Honor.

7              THE COURT:  Do you believe that Mr. Mizuhara is in

8   possession of his faculties and is competent to proceed?

9              MR. FREEDMAN:  Yes, Your Honor.

09:09:07  10             THE COURT:  Very well.  Based on the statements of

11   the defendant, Mr. Mizuhara, and his counsel, as well as my

12   observations, I find that the defendant is in full

13   possession of his faculties and that he is competent to

14   proceed.

09:09:23  15             Mr. Mitchell and Ms. Agress, have you reviewed

16   your file and the file and notes of any other prosecutors on

17   the case to determine whether there is any material

18   favorable to the defense, or --

19             MR. MITCHELL:  Yes.

09:09:36  20             THE COURT:  -- or that might lead to information

21   favorable to the defense that has not yet been provided,

22   subject to the limitations in the *Ruiz* case?

23             Have you done that?

24             MR. MITCHELL:  Yes, we have, Your Honor.

09:09:46  25             THE COURT:  And there are no such -- there is no

09:09:49  1   such material?

2        MR. MITCHELL:  None to the Government's knowledge.

3        THE COURT:  Very well. thank you.

4        Mr. Mizuhara, have you received a copy of the

09:09:56  5   information which is the written statement of the charges

6   against you?

7        DEFENDANT MIZUHARA:  Yes, sir.

8        THE COURT:  You have the right to have the

9   information read to you.

09:10:03  10       Would you like me to read it to you?

11       DEFENDANT MIZUHARA:  No, I'm okay, sir.

12       THE COURT:  You give up the right to have the

13   information read to you?

14       DEFENDANT MIZUHARA:  Yes.

09:10:13  15       THE COURT:  You also have the following

16   constitutional rights that you will be giving up, if you

17   plead guilty in this case.  And I'm going to review those

18   with you now:  You have the right to plead not guilty to any

19   offense charged against you and to persist in that plea.

09:10:28  20   You have the right to a speedy and public trial.  You have

21   the right to a trial by jury.  At trial, you would be

22   presumed to be innocent and the Government would have to

23   prove your guilt by proving each element of the charges

24   beyond a reasonable doubt.  If both you and the Government

09:10:46  25   give up the right to a jury trial, you have the right to be

09:10:49   1   tried by the Court; that is, by me sitting without a jury.

2   You have the right to the assistance of counsel for your

3   defense, even if you do not enter into a plea agreement.  If

4   you cannot afford counsel, the Court will appoint counsel

09:11:04   5   for you free of charge to assist you at trial and at every

6   other stage of the proceedings.  You have the right to

7   confront and to cross-examine the witnesses against you,

8   that is, to see and hear all the witnesses and to have them

9   questioned by your lawyer.  You have the right to present

09:11:25 10   evidence and to have witnesses subpoenaed and compelled to

11   testify in your behalf.  You have the right to testify

12   yourself on your own behalf.  You also have the privilege

13   against self-incrimination; that is, you have the right not

14   to testify or to incriminate yourself in any way.  If you

09:11:46 15   went to trial and decided not to testify, that fact could

16   not be used against you.  By pleading guilty, you are giving

17   up that right and you are incriminating yourself.  You have

18   the right to appeal your conviction and your sentence, if

19   you go to trial and you are convicted.

09:12:04 20           Now, has your lawyer advised you of all of those

21   constitutional rights?

22           DEFENDANT MIZUHARA:  Yes, sir.

23           THE COURT:  Do you believe that you understand all

24   of those rights?

09:12:13 25           DEFENDANT MIZUHARA:  Yes, sir.

09:12:14  1        THE COURT:  Do you have any questions whatsoever

          2   about any of those rights?

          3        DEFENDANT MIZUHARA:  No, sir.

          4        THE COURT:  Do you need any more time to talk to

09:12:20  5   your lawyer about those rights?

          6        DEFENDANT MIZUHARA:  No, sir.

          7        THE COURT:  I want to make sure you understand

          8   that if I accept your guilty plea here today, then you will

          9   be incriminating yourself and you will have waived or given

09:12:33 10   up your right to a trial and all of the other rights that I

         11   just described.

         12        Do you understand that?

         13        DEFENDANT MIZUHARA:  Yes, sir.

         14        THE COURT:  And do you give up those rights?

09:12:42 15        DEFENDANT MIZUHARA:  Yes, sir.

         16        THE COURT:  Mr. Freedman, are you satisfied with

         17   that each of those waivers is knowingly, voluntarily and

         18   intelligently made?

         19        MR. FREEDMAN:  Yes, I am, Your Honor.

09:12:53 20        THE COURT:  Do you join and concur in each of the

         21   waivers?

         22        MR. FREEDMAN:  Yes, Your Honor.

         23        THE COURT:  Very well.  Mr. Mizuhara, you are

         24   charged with, in Count One of the Information --

09:13:03 25        All right.  Let me get it in front of me here.

09:13:26  1          -- Bank fraud in violation of 18, United States

2    Code, Section 1344, paragraph 2, and 18, United States Code,

3    Section 2B, and in Count Two of the Information, subscribing

4    to a false tax return, in violation of 26, United States

09:13:46  5    Code, Section 7206, paragraph 1.  There's also a criminal

6    forfeiture allegation in the information.

7          Mr. Mitchell, could you please describe the nature

8    of the charges against Mr. Mizuhara.

9          MR. MITCHELL:  Yes, Your Honor.

09:14:09  10          In order for the defendant to be guilty of the

11    crime charged in Count One, that is, bank fraud, in

12    violation of 18 U.S.C., Section 1344, paragraph 2, the

13    following must be true:

14          a.   The defendant knowingly carried out a scheme

09:14:24  15    or plan to obtain money or property from Bank A by making

16    false statements or promises;

17          b.   The defendant knew that the statements or

18    promises were false;

19          c.   The statements or promises were material; that

09:14:38  20    is, they had the natural tendency to influence, or were

21    capable of influencing, a financial institution to part with

22    money or property;

23          d.   The defendant acted with the intent to

24    defraud; and

09:14:51  25          e.   Bank A was federally insured.

09:14:55  1          In order for the defendant to be guilty of the

2     crime charged in Count Two, that is, subscribing to a false

3     tax return, in violation of 26 U.S.C., section 7206,

4     paragraph 1, the following must be true:

09:15:11  5          a.   The defendant signed and caused the filing of

6     a tax return for year 2022 that he knew contained false

7     information as to a material matter;

8          b.   The return contained a written declaration

9     that it was being signed subject to the penalties of

09:15:29  10    perjury; and

11         c.   In filing the false tax return, defendant

12    acted willfully.  In order to prove the defendant acted

13    willfully, the Government must prove beyond a reasonable

14    doubt that the defendant knew federal tax law imposed a duty

09:15:43  15    on him and the defendant intentionally and voluntarily

16    violated that duty.

17         A matter is material if it has a natural tendency

18    to influence, or is capable of influencing, the decisions or

19    activities of the Internal Revenue Service.

09:15:58  20         THE COURT:  Thank you.

21         Mr. Mizuhara, do you understand the nature of the

22    charges against with you?

23         DEFENDANT MIZUHARA:  Yes, sir.

24         THE COURT:  Have you discussed those charges and

09:16:07  25    the elements of the charges with your lawyer?

*UNITED STATES DISTRICT COURT*

09:16:10    1          DEFENDANT MIZUHARA:  Yes, sir.

2          THE COURT:  Do you have any questions about the

3    charges against you?

4          DEFENDANT MIZUHARA:  No, sir.

09:16:17    5          THE COURT:  Mr. Mitchell, could you please

6    describe the penalties.

7          MR. MITCHELL:  Yes, Your Honor.

8          The statutory maximum sentence that the Court can

9    impose for a violation of 18 U.S.C., section 1344, paragraph

09:16:29   10    two, is 30 years' imprisonment, a five-year period of

11    supervised release, a fine of $1 million, and a mandatory

12    special assessment of $100.

13          The statutory maximum sentence that the Court can

14    impose for a violation of Title 26 U.S.C., Section 7206,

09:16:48   15    paragraph 1, is three years' imprisonment, a one-year period

16    of supervised release, a fine of $250,000 or twice the gross

17    gain or gross loss resulting from the offense, whichever is

18    greatest, and a mandatory special assessment of $100.

19          Therefore, the total maximum sentence for all

09:17:10   20    offenses to which defendant is pleading guilty today is

21    33 years' imprisonment, a five-year period of supervised

22    release, a fine of $1,250,000, and a mandatory special

23    assessment of $200.

24          THE COURT:  Thank you.

09:17:31   25          Mr. Mizuhara, do you have any questions about the

09:17:32  1    maximum penalties that you could face with respect to these

2    charges?

3              DEFENDANT MIZUHARA:  No, sir.

4              THE COURT:  I want to make sure you understand

09:17:40  5    that you're pleading to a felony offense.  If I accept your

6    plea, then I will find you guilty and that conviction may

7    deprive you of valuable civil rights, such as the right to

8    vote, the right to hold public office, the right to serve on

9    a jury and the right to possess a firearm of any kind.

09:18:01  10             Do you understand that?

11             DEFENDANT MIZUHARA:  Yes, sir.

12             THE COURT:  Now, I do not presently know a great

13   deal about your background.  I'll know more if and when we

14   get to the sentencing phase and I have a presentence

09:18:16  15   investigation report, but let me tell you a couple of

16   consequences that may or may not be applicable in your case.

17   If you are now on parole, probation or supervised release

18   for some other offense, then this guilty plea alone may be

19   the basis for revocation of that parole, probation or

09:18:34  20   supervised release, and as a result, you may be returned to

21   prison on that other case.

22             Do you understand?

23             DEFENDANT MIZUHARA:  Yes, sir.

24             THE COURT:  If you are not a citizen of the

09:18:44  25   United States, then this plea and conviction may subject you

09:18:48  1    to deportation or removal from the United States, which, in

2    some circumstances, may be mandatory and may result in the

3    denial of naturalization or citizenship, amnesty, residency

4    status and admission to the United States in the future.

09:19:07  5              Do you understand?

6              DEFENDANT MIZUHARA:  Yes, sir.

7              THE COURT:  The Court will order you to pay

8    restitution to any victim of the offenses and may order you

9    to pay restitution to other persons.

09:19:19 10              Do you understand?

11              DEFENDANT MIZUHARA:  Yes, sir.

12              THE COURT:  And the Court -- that is I -- may

13   require you to forfeit certain property to the Government.

14              Do you understand that?

09:19:29 15              DEFENDANT MIZUHARA:  Yes, sir.

16              THE COURT:  So I want to make sure that you

17   understand the possible consequences of the guilty plea here

18   today, including the maximum sentence that you could

19   receive, the restitution obligations that will be imposed,

09:19:43 20   the possibility of forfeiture of your property, and the

21   other terms that the Government's attorney and I describe.

22              Do you understand all of that?

23              DEFENDANT MIZUHARA:  Yes, sir.

24              THE COURT:  Do you have any questions regarding

09:19:55 25   the potential sentence that you may receive if I accept your

09:19:59  1  plea of guilty here today?

2            DEFENDANT MIZUHARA:  No, sir.

3            THE COURT:  Have you discussed the possible

4  punishment and the facts of your case and the possible

09:20:07  5  defenses that you have with your lawyer?

6            DEFENDANT MIZUHARA:  Yes, I have, sir.

7            THE COURT:  Do you believe that you understand

8  everything that has happened in this hearing so far?

9            DEFENDANT MIZUHARA:  Yes, sir.

09:20:19 10            THE COURT:  I need to tell you a little bit about

11  the sentencing guidelines.  You will be sentenced under the

12  Sentencing Reform Act of 1984.  The United States Sentencing

13  Commission has issued guidelines that judges must consult

14  and take into account but are not required to follow in

09:20:37 15  determining the sentence in criminal cases.  In determining

16  your sentence, I'm required to calculate the applicable

17  Sentencing Guidelines Range and to consider that range,

18  possible departures under the Sentencing Guidelines, and

19  other sentencing factors under a statute known as 18,

09:20:56 20  United States Code, Section 3553(a).

21            Now, have you and your lawyer talked about how the

22  guidelines might be applied in your case?

23            DEFENDANT MIZUHARA:  Yes, sir.

24            THE COURT:  Regardless of the guidelines range, I

09:21:11 25  may sentence you to prison for up to the maximum time

09:21:14  1    allowed by law.

2              Do you understand that?

3              DEFENDANT MIZUHARA:  Yes, sir.

4              THE COURT:  Has your lawyer explained how the

09:21:20  5    various elements and factors will be used to determine your

6    sentence?

7              DEFENDANT MIZUHARA:  Yes, sir.

8              THE COURT:  I want to make sure you understand

9    that neither your lawyer nor I will be able to determine the

09:21:31 10    guidelines range for your case until after the Presentence

11    Investigation Report has been prepared.

12              Do you understand that?

13              DEFENDANT MIZUHARA:  Yes, sir.

14              THE COURT:  Now, both you and the Government will

09:21:44 15    have an opportunity to review that report and to challenge

16    the reported facts and the guidelines range calculation and

17    to suggest that I consider other factors.

18              Do you understand?

19              DEFENDANT MIZUHARA:  Yes, sir.

09:21:58 20              THE COURT:  The sentence that I impose may be

21    different from any estimate that your lawyer may have given

22    to you.

23              Do you understand that?

24              DEFENDANT MIZUHARA:  Yes, sir.

09:22:08 25              THE COURT:  After your guidelines range has been

09:22:10  1  calculated, I can impose a sentence that is more severe or

2  less severe than the sentence called for in the guidelines.

3          Do you understand?

4          DEFENDANT MIZUHARA:  Yes, sir.

09:22:20  5          THE COURT:  So neither that uncertainty nor the

6  disappointment that you may feel over the guidelines range

7  for your case, nor my eventual sentence will be a basis to

8  withdraw your guilty plea.

9          Do you understand?

09:22:33  10          DEFENDANT MIZUHARA:  Yes, sir.

11          THE COURT:  Let's turn to the plea agreement,

12  please.

13          Mr. Freedman, do you still have your copy

14  available?

09:22:45  15          MR. FREEDMAN:  I do, Your Honor.

16          THE COURT:  Mr. Mizuhara, did you read the plea

17  agreement and discuss it with your lawyer before you signed

18  it?

19          DEFENDANT MIZUHARA:  Yes, sir.

09:22:52  20          THE COURT:  Could you please confirm for me that

21  that is your signature on page 23, line 13, of the plea

22  agreement?

23          DEFENDANT MIZUHARA:  Yes, it is.

24          THE COURT:  And did you sign it there on May 5th,

09:23:05  25  2024?

09:23:06    1              DEFENDANT MIZUHARA:  Yes, sir.

            2              THE COURT:  And did you also sign it on the next

            3    page, page 24, between lines 9 and 10?

            4              DEFENDANT MIZUHARA:  Yes, sir.

09:23:15    5              THE COURT:  And, again, did you also sign it there

            6    on May 25th, 2024?

            7              DEFENDANT MIZUHARA:  Yes, sir.

            8              THE COURT:  Do you believe you understand the

            9    terms of the plea agreement?

09:23:24   10              DEFENDANT MIZUHARA:  Yes, sir.

           11              THE COURT:  Do you want any more time to discuss

           12    the plea agreement with your lawyer?

           13              DEFENDANT MIZUHARA:  No, sir.

           14              THE COURT:  I want to make sure you understand

09:23:31   15    that I am not a party to the plea agreement and I am not

           16    bound by its terms.

           17              Do you understand?

           18              DEFENDANT MIZUHARA:  Yes, sir.

           19              THE COURT:  Now, are the terms of the plea

09:23:41   20    agreement the entire understanding that you have with the

           21    Government pertaining to your case?  And what I'm asking you

           22    is, I want to make sure that this is the entire agreement;

           23    that there are no unwritten agreements, hand-shake deals,

           24    wink-wink, nod-nod understandings.

09:24:00   25              Is this written plea agreement the entire

*UNITED STATES DISTRICT COURT*

09:24:02  1    agreement that you have with the Government pertaining to

2    your case?

3                DEFENDANT MIZUHARA:  Yes, sir.

4                THE COURT:  Has anyone made any promises or

09:24:08  5    representations or guarantees of any kind to you in an

6    effort to get you to plead guilty in this case, other than

7    what is contained in the written plea agreement?

8                DEFENDANT MIZUHARA:  No, sir.

9                THE COURT:  And similarly, other than what is in

09:24:23  10   the written plea agreement and other than a general

11   discussion of the sentencing guidelines with your lawyer,

12   has anyone made to you any promises of leniency or of a

13   particular sentence, or range, or probation or any other

14   inducement of any kind to get you to plead guilty in this

09:24:42  15   case?

16               DEFENDANT MIZUHARA:  No, sir.

17               THE COURT:  Has anyone attempted in any way to

18   threaten you or a family member or anyone close to you to

19   force you to plead guilty in this case?

09:24:53  20               DEFENDANT MIZUHARA:  No, sir.

21               THE COURT:  Are you pleading guilty voluntarily

22   and of your own free will?

23               DEFENDANT MIZUHARA:  Yes, sir.

24               THE COURT:  I want to make sure you understand

09:25:03  25   that by entering into this plea agreement and entering a

*UNITED STATES DISTRICT COURT*

09:25:06  1    plea of guilty, you will have given up or limited your right

       2    to appeal this conviction and your right to appeal all or

       3    part of your sentence?

       4            Do you understand that?

09:25:17  5            DEFENDANT MIZUHARA:  Yes, sir.

       6            THE COURT:  Mr. Mitchell, could you please

       7    describe the appellate waivers.

       8            MR. MITCHELL:  Yes, Your Honor.

       9            As described in paragraph 22 of the plea

09:25:34 10    agreement, with the exception of an appeal based on a claim

      11    that his guilty pleas were involuntary, by pleading guilty,

      12    the defendant is waiving and giving up any right to appeal

      13    his convictions on the offenses to which he is pleading

      14    guilty.  This waiver includes but is not limited to

09:25:54 15    arguments that the statutes to which defendant is pleading

      16    guilty are unconstitutional, and any and all claims that the

      17    statement of facts provided in the plea agreement is

      18    insufficient to support his pleas of guilty.

      19            Further, as described in paragraph 23, provided

09:26:11 20    the Court imposes a term of imprisonment within or below the

      21    range corresponding to an offense level of 25 and the

      22    Criminal History Category to be calculated by the Court, the

      23    defendant also gives up the right to appeal all of the

      24    following:

09:26:26 25            a.  The procedures and calculations used to

*UNITED STATES DISTRICT COURT*

09:26:28  1  determine and impose any portion of the sentence, with the

2  exception of the Court's calculation of his Criminal History

3  Category;

4          b.   The term of imprisonment imposed by the Court,

09:26:39  5  except to the extent it depends on the Court's calculation

6  of his Criminal History Category;

7          c.   The fine imposed by the Court provided it is

8  within the statutory maximum;

9          d.   To the extent permitted by law, the

09:26:53  10  constitutionality or legality of the defendant's sentence,

11  provided it is within the statutory maximum;

12          e.   The amount and terms of any restitution order,

13  provided it requires payment of no more than $16,975,010 to

14  Victim A, and $1,149,400 to the Internal Revenue Service

09:27:20  15  before interest and penalties;

16          f.   The term of probation or supervised release

17  imposed by the Court, provided it is within the statutory

18  maximum; and

19          g.   Any of the following conditions of Probation

09:27:33  20  or supervised release imposed by the Court:  The conditions

21  set forth in Second-Amended General Order 20-04 of this

22  Court; the drug-testing conditions mandated by 18 U.S.C.,

23  Sections 3563(a)(5) and 3583(d); and the alcohol and

24  drug-use conditions authorized by 18 U.S.C., section

09:27:55  25  3563(b)(7).

27

09:28:00  1              THE COURT:  Thank you.

      2              Mr. Mizuhara, did you discuss giving up those

      3    appellate rights with your lawyer?

      4              DEFENDANT MIZUHARA:  Yes, sir.

09:28:07  5              THE COURT:  Based on that discussion and having

      6    now considered the issue, do you agree that you are giving

      7    up those appellate rights on the terms and conditions that

      8    the prosecutor just stated?

      9              DEFENDANT MIZUHARA:  Yes, sir.

09:28:22 10              THE COURT:  Mr. Freedman, the plea agreement

     11    indicates that you also signed it on May 5th, 2024; is that

     12    correct?

     13              MR. FREEDMAN:  Yes, Your Honor.

     14              THE COURT:  And your signature appears to be

09:28:33 15    electronically affixed to the document; is that right?

     16              MR. FREEDMAN:  That's correct.

     17              THE COURT:  You do confirm that is your signature?

     18              MR. FREEDMAN:  It is.  And I affixed it.

     19              THE COURT:  Very well.  Now, did Mr. Mizuhara sign

09:28:44 20    the plea agreement in your presence?

     21              MR. FREEDMAN:  He was not in my presence, but we

     22    spoke at length.  And once he sent the copy back to me with

     23    his signature, I affixed my signature.

     24              THE COURT:  Very well.  So you're convinced that

09:28:59 25    Mr. Mizuhara did sign this plea agreement also on May 5th,

09:29:04   1    2024, correct?

           2              MR. FREEDMAN:  Yes, Your Honor.

           3              THE COURT:  Did you discuss the contents of the

           4    plea agreement with Mr. Mizuhara before he signed it?

09:29:12   5              MR. FREEDMAN:  Yes, I did.

           6              THE COURT:  Does the plea agreement represent the

           7    entire agreement between Mr. Mizuhara and the Government

           8    pertaining to this case?

           9              MR. FREEDMAN:  Yes, Your Honor.

09:29:21  10              THE COURT:  Did you review the facts of the case

          11    and all of the discovery provided by the Government with

          12    Mr. Mizuhara?

          13              MR. FREEDMAN:  Yes, Your Honor.

          14              THE COURT:  Did you pursue with Mr. Mizuhara the

09:29:32  15    potential defenses that he might have in this case?

          16              MR. FREEDMAN:  Yes, I did.

          17              THE COURT:  Have you advised Mr. Mizuhara

          18    concerning the legality or admissibility of any statements

          19    or confessions or other evidence that the Government has

09:29:46  20    against him?

          21              MR. FREEDMAN:  Yes, I have, Your Honor.

          22              THE COURT:  Now, to the best of your knowledge, is

          23    Mr. Mizuhara pleading guilty because of any illegally

          24    obtained evidence in the possession of the Government?

09:29:58  25              MR. FREEDMAN:  Not to my knowledge, Your Honor.

*UNITED STATES DISTRICT COURT*

29

09:30:00  1              THE COURT:  Did you and Mr. Mizuhara agree that it

        2  is in his best interest to enter into this plea agreement?

        3              MR. FREEDMAN:  Yes, Your Honor.

        4              THE COURT:  Do you believe that Mr. Mizuhara is

09:30:10  5  entering into this plea agreement freely and voluntarily

        6  with full knowledge of the charges and the consequences of a

        7  guilty plea?

        8              MR. FREEDMAN:  Yes, I do, Your Honor.

        9              THE COURT:  Have there been any promises or

09:30:22 10  representations or guarantees made either to you or to

       11  Mr. Mizuhara, other than what is contained in the written

       12  plea agreement?

       13              MR. FREEDMAN:  No, Your Honor.

       14              THE COURT:  And other than what is contained in

09:30:35 15  the written plea agreement and other than a general

       16  discussion of the guidelines and other sentencing

       17  considerations, have you given any indication to

       18  Mr. Mizuhara of what specific sentence I would impose?

       19              DEFENDANT MIZUHARA:  No, Your Honor.

09:30:50 20              THE COURT:  Have you conveyed to him any promises

       21  of a particular sentence or range?

       22              MR. FREEDMAN:  No, Your Honor.

       23              THE COURT:  Do you know of any reason why I should

       24  not accept Mr. Mizuhara's guilty plea today?

09:31:00 25              MR. FREEDMAN:  No, Your Honor.

*UNITED STATES DISTRICT COURT*

09:31:02  1          THE COURT:  Do you join in the waiver of jury
          2  trial and concur in the plea?
          3          MR. FREEDMAN:  Yes, Your Honor.
          4          THE COURT:  Mr. Mitchell, other than what has been
09:31:09  5  stated in open court and in the plea agreement, has the
          6  Government made any promises or representations or
          7  guarantees either to the defendant or to defense counsel in
          8  connection with this case?
          9          MR. MITCHELL:  No, Your Honor.
09:31:23 10          THE COURT:  Does Government waive jury trial?
         11          MR. MITCHELL:  Yes, Your Honor.
         12          THE COURT:  Very well.
         13          Mr. Mizuhara, back to you for a few more
         14  questions:  Are you satisfied with the representation that
09:31:32 15  your lawyer has provided to you in this case?
         16          DEFENDANT MIZUHARA:  Yes, sir.
         17          THE COURT:  Have you told your lawyer everything
         18  you know about your case?
         19          DEFENDANT MIZUHARA:  Yes, sir.
09:31:41 20          THE COURT:  Do you believe that he has fully
         21  considered any defense that you may have to the charges?
         22          DEFENDANT MIZUHARA:  Yes, sir.
         23          THE COURT:  Do you believe that he has fully
         24  advised you concerning this case?
09:31:52 25          DEFENDANT MIZUHARA:  Yes, sir.

09:31:53   1          THE COURT:  Have you had enough time to discuss

           2     your case with your lawyer?

           3          DEFENDANT MIZUHARA:  Yes, sir.

           4          THE COURT:  Do you believe that you understand

09:32:00   5     everything that has happened here today at this hearing?

           6          DEFENDANT MIZUHARA:  Yes, sir.

           7          THE COURT:  Do you believe that you understand

           8     everything that has been said by the lawyers and by me?

           9          DEFENDANT MIZUHARA:  Yes, sir.

09:32:10   10         THE COURT:  Do you believe that you understand the

           11    consequences to you of a guilty plea?

           12         DEFENDANT MIZUHARA:  Yes, sir.

           13         THE COURT:  Do you in your own mind believe that

           14    you are competent to make the decision to plead guilty?

09:32:22   15         DEFENDANT MIZUHARA:  Yes, sir.

           16         THE COURT:  I want to make sure you understand

           17    that all that will be left in your case, if I accept your

           18    guilty plea here today, is for me to impose your sentence

           19    which may include imprisonment.

09:32:35   20         Do you understand that?

           21         DEFENDANT MIZUHARA:  Yes, sir.

           22         THE COURT:  Having in mind all that we have

           23    discussed regarding your plea of guilty, including the

           24    rights that you will be giving up, the maximum sentence that

09:32:46   25    you could receive, the other elements of punishment that you

*UNITED STATES DISTRICT COURT*

09:32:51  1   could receive, do you still want to plead guilty?

2          DEFENDANT MIZUHARA:  Yes, sir.

3          THE COURT:  Please listen carefully, Mr. Mizuhara,

4   because I'm going to ask the prosecutor to state the facts

09:33:02  5   that the Government would be prepared to prove if we went to

6   trial in this case.  Then I'm going to ask you some

7   questions about what he is about to say.

8          Mr. Mitchell, please, proceed.

9          MR. MITCHELL:  Thank you, Your Honor.

09:33:14 10         If this matter went to trial, the Government would

11  prove the following facts beyond a reasonable doubt:

12         Victim A was a professional baseball player from

13  Japan who signed a contract to play baseball for a major

14  league baseball team located in the Central District of

09:33:29 15  California, beginning in 2018.

16         At approximately that same time, the defendant was

17  hired by the team to be a Japanese-language interpreter for

18  Victim A.  The defendant also drove Victim A to meetings and

19  interpreted for Victim A outside of baseball activities.

09:33:47 20         Defendant acted as a *defacto* manager and

21  gatekeeper to Victim A.  In that role, defendant would

22  regularly interact with Victim A's sports agents and

23  financial advisors, on behalf of Victim A, because Victim A

24  did not speak English and Victim A's agents and financial

09:34:04 25  advisors did not speak Japanese.

09:34:07  1          THE COURT:  Slow down just a bit, please.

          2          MR. MITCHELL:  Yes, Your Honor.

          3          Victim A paid defendant separately for the

          4  additional work.

09:34:15  5          On March 8th, 2018, defendant accompanied Victim A

          6  to a bank in Phoenix, Arizona, Bank A, to assist Victim A in

          7  opening a bank account to deposit his payroll salary.  Bank

          8  A was a domestic financial institution insured by the

          9  Federal Deposit Insurance Corporation.

09:34:38 10          Inside Bank A, defendant interpreted for Victim A

         11  and assisted him in opening a bank account, the X5848

         12  account.  Defendant also interpreted for Victim A when the

         13  bank employee provided Victim A the login information for

         14  the X5848 account on Bank A's website.

09:35:01 15          Beginning in or about September 2021, defendant

         16  began placing sports bets with an illegal bookmaker.

         17  Shortly thereafter, defendant began to lose bets and quickly

         18  became indebted to the bookmaker.  Unable to pay his

         19  gambling debts, defendant orchestrated a scheme to deceive

09:35:21 20  and cheat Bank A, in order to obtain money from the X5848

         21  account.

         22          Beginning no later than November 2021 and

         23  continuing through March 2024, defendant engaged in a scheme

         24  or plan designed to fraudulently obtain money from the X5848

09:35:41 25  account.  Defendant recalled the password for the X5848

09:35:45  1    account from when he assisted Victim A with opening the

2    account, in 2018, and defendant was able to successfully

3    sign into the X5848 account on Bank A's website.

4              After obtaining access to the X5848 account,

09:36:04  5    defendant changed the security protocols on the account

6    without the permission or authorization of Victim A.

7    Specifically, defendant changed the registered e-mail

8    address and phone number on the account so Bank A employees

9    would call the defendant and not Victim A when attempting to

09:36:25 10    verify wire transfers from the X5848 account.

11              In furtherance of the scheme, defendant

12    impersonated Victim A and used Victim A's personal

13    identifying information to trick and deceive Bank A

14    employees into authorizing wire transfers from the X5848

09:36:45 15    account.  For example, on or about February 22, 2022, Bank A

16    denied an attempted wire transfer.  Defendant then called

17    Bank A to complete the wire transfer.  During the call,

18    defendant falsely identified himself as Victim A and falsely

19    stated that he was attempting to wire funds to an associate

09:37:09 20    of the bookmaker for a car loan.  The bank employee

21    attempted to verify the caller by sending a six digit code

22    by a text message to the registered phone number on the

23    X5848 account.  Because defendant had already changed the

24    registered phone number on the account, the bank's text

09:37:32 25    message was sent directly to the defendant.  Defendant then

*UNITED STATES DISTRICT COURT*

09:37:36  1  read the six digit code back to the Bank A employee and

2  completed the wire transfer.

3         In total, defendant called Bank A and impersonated

4  Victim A on approximately 24 occasions.  Between

09:37:51  5  November 2021 and March 2024, defendant regularly logged

6  into the X5848 account through Bank A's website and

7  initiated wire transfers from the x5848 account to the

8  bookmaker and his associates as payments for gambling debts.

9  For example, on June 20, 2023, defendant accessed the X5848

09:38:16  10  account from the Central District of California pretending

11  to be a Victim A and wire transferred $500,000 to an

12  associate of the bookmaker.

13         At a minimum, defendant caused Bank A to transfer

14  the following funds to bank accounts of associates of the

09:38:34  15  bookmaker:

16         November 15th, 2021, a wire for $40,010 to an

17  account in the name of Xoom.com.

18         On February 4th, 2022, a wire transfer for

19  $300,000 to an account ending in X4010.

09:38:57  20         Between February 28th, 2022 and October 13th,

21  2023, 36 wires totaling $15 million to an account ending in

22  X1911.

23         Between December 15, 2023 and January 8, 2024,

24  three wires totaling $1,250,000 to an account ending in

09:39:23  25  X1530.

*UNITED STATES DISTRICT COURT*

09:39:28  1           Defendant did not notify or seek permission from

2    Victim A before transferring money from the X5848 account.

3           In addition, in September 2023, defendant needed

4    $60,000 worth of dental work.  Victim A agreed to pay for

09:39:47  5    defendant's dental work and authorized a check to defendant

6    for $60,000 drawn on a business account at Bank B.  However,

7    without permission or authorization, defendant provided his

8    dentist with Victim A's debit card number for the X5848

9    account and charged $60,000 to the X5848 account.

09:40:12 10           After the defendant paid his dentist with

11    Victim A's debit card, defendant then deposited the $60,000

12    check from Victim A into defendant's personal checking

13    account for defendant's personal use.

14           Between January and March 2024, defendant also

09:40:33 15    purchased approximately $325,000 worth of baseball cards at

16    online resellers eBay and WhatNot with payments drawn on the

17    X5848 account, including baseball cards featuring Yogi

18    Berra, Juan Soto and Victim A.  Defendant purchased the

19    above described collectible baseball cards from eBay and

09:40:58 20    WhatNot with the intent to resell them at a later date and

21    use the proceeds for his own personal benefit.

22           When Victim A's sport agent and financial advisors

23    asked defendant for access to the X5848 account, defendant

24    falsely told them that Victim A did not want them to [sic]

09:41:17 25    access to the account because it was private.  In truth and

09:41:22  1    in fact, as defendant then knew, defendant did not want

2    Victim A's sports agents and financial advisors to review

3    the X5848 account, because he feared they would notice that

4    defendant stole millions of dollars from Victim A.

09:41:37  5             Based on defendant's false statements of material

6    fact, defendant fraudulently obtained more than $16,975,010

7    from the X5848 account.

8             Defendant also knowingly and willfully falsely

9    reported his total taxable income to the Internal Revenue

09:41:58 10    Service on his tax return for tax year 2022.  Specifically,

11    on or about February 1st, 2024, in Los Angeles County,

12    defendant willfully made and subscribed to a materially

13    false United States Individual Income Tax Return, Form 1040,

14    for tax year 2022, which was filed with the IRS and verified

09:42:21 15    by a written declaration that it was made under the

16    penalties of perjury, which return, defendant did not

17    believe to be true and correct as to every material fact in

18    that defendant reported on line 15 that his total taxable

19    income for calendar year for 2022 was $136,865, when in

09:42:44 20    truth and in fact, as defendant then knew, his total taxable

21    income for the years 2022 was substantially higher than he

22    reported.  For instance, defendant filed as single and

23    claimed a $10,000 deduction in Schedule A, line 5e, when in

24    truth and in fact, as defendant then knew, he was married

09:43:04 25    and only entitled to a $5,000 deduction.  Defendant also

09:43:11  1   failed to report additional income of $4,100,000 for the

2   year 2022.  The source of the unreported income was from the

3   bank fraud scheme on the X5848 account described above in

4   the plea agreement.

09:43:30  5        The false information provided by defendant was

6   material in that it affected the IRS's calculation of the

7   amount of income that defendant had received in 2022 and

8   prevented the IRS from verifying the accuracy of the amount

9   of tax claimed to be owed on the return and determining

09:43:48 10   whether an additional income tax was owed.

11        As a result of the false information defendant

12   provided, defendant owes additional taxes of approximately

13   $1,149,400 for tax year 2022 before interest and penalties.

14        THE COURT:  Thank you, Mr. Mitchell.

09:44:09 15        Mr. Mizuhara, do you understand what the

16   prosecutor just said?

17        DEFENDANT MIZUHARA:  Yes, sir.

18        THE COURT:  Is everything that he said, including

19   what he said about you and about your conduct and about your

09:44:20 20   intent -- is all of that true and correct?

21        DEFENDANT MIZUHARA:  Yes, sir.

22        THE COURT:  Are you pleading guilty because you

23   did the things that the prosecutor just described?

24        DEFENDANT MIZUHARA:  Yes sir.

09:44:30 25        THE COURT:  Are you pleading guilty because you

09:44:32    1    are guilty?

            2                DEFENDANT MIZUHARA:  Yes, sir.

            3                THE COURT:  In your own words, please tell me what

            4    you did.

09:44:38    5                DEFENDANT MIZUHARA:  So I worked for Victim A and

            6    had access to his bank account, and I had fallen into major

            7    gambling debt.  And I couldn't -- the only way that I could

            8    think of was to use his money, and I had access to Bank A's

            9    account.  So I went ahead and wired money for my gambling

09:45:02   10    debt with his bank account.

           11                THE COURT:  And on the tax charge?

           12                DEFENDANT MIZUHARA:  And I did not report those --

           13    that money on my taxes.

           14                THE COURT:  Is the Government satisfied with the

09:45:22   15    factual basis under Rule 11 of the Federal Rules of Civil

           16    Procedure?

           17                MR. MITCHELL:  Yes, Your Honor.

           18                THE COURT:  And Mr. Freedman, do you agree that

           19    the Court has complied with Rule 11 of the Federal Rules of

09:45:32   20    Civil Procedure?

           21                MR. FREEDMAN:  Yes, I do, Your Honor.

           22                THE COURT:  Very well.

           23                Mr. Mizuhara, I'm going to take your plea now.  In

           24    Count One of the Information, bank fraud, in violation 18

09:45:47   25    United States Code, Section 1344, paragraph 2, and 18,

09:45:53  1  United States Code, Section (2)(b), how do you plead?

2  Guilty or not guilty?

3       DEFENDANT MIZUHARA:  Guilty.

4       THE COURT:  And in Count Two of the Information,

09:46:02  5  subscribing to a false tax return, in violation of 26,

6  United States Code, Section 7206, paragraph 1, how do you

7  plead?  Guilty or not guilty?

8       DEFENDANT MIZUHARA:  Guilty.

9       THE COURT:  Very well.  Mr. Mizuhara, now I'm

09:46:22  10  going to make certain findings.  If you do not understand

11  what I say, or if you disagree with what I say, or if you

12  want to talk to your lawyer, please interrupt me right away

13  or ask your lawyer to interrupt me.

14       Do you understand?

09:46:37  15       DEFENDANT MIZUHARA:  Yes, sir.

16       THE COURT:  In the case of the United States

17  against Ippei Mizuhara, the Court having questioned the

18  defendant and his Counsel on the offer of his plea of guilty

19  to Counts One and Two of the Information, both felonies; the

09:46:55  20  defendant and his Counsel having advised the Court that they

21  have conferred concerning the offered plea of guilty and all

22  aspects of the charges against the defendant and any

23  defenses that he may have; the Court having observed the

24  defendant's intelligence, demeanor and attitude while

09:47:14  25  answering questions; and the Court having observed that the

09:47:18  1  defendant does not appear to be under the influence of any

2  medicine, drug, or other substance or factor that might

3  affect his actions or judgment in any manner, the Court

4  finds that the defendant is fully competent and capable of

09:47:34  5  entering an informed plea and is aware of the nature of the

6  charges and the consequences of the plea.

7         The Court further finds that the plea of guilty is

8  knowingly, voluntarily and intelligently made with a full

9  understanding of the nature of the charges, the consequences

09:47:53  10  of the plea and the defendant's Constitutional rights.

11         The Court further finds that the plea is supported

12  by an independent factual basis containing each of the

13  essential elements of the offenses.

14         The Court accepts the plea and orders that the

09:48:11  15  plea be entered.

16         Mr. Mizuhara, a Presentence Investigation Report

17  will be prepared by the Probation and Pretrial Services

18  Office.  You will be asked to provide information for that

19  report.  Your lawyer may be present with you, if you wish.

09:48:27  20         Now, both of you will be able to read the report

21  and to file objections before the sentencing hearing.  And

22  both of you will be able to speak on your behalf at the

23  hearing.

24         The defendant is referred to the Probation and

09:48:40  25  Pretrial Services Office for a Presentence Investigation

*UNITED STATES DISTRICT COURT*

09:48:42  1    Report.

2         And the date for sentencing will be?

3         THE CLERK:  October 25th, 2024.

4         THE COURT:  October 25th, 2024, at 2:00 p.m.

09:48:55  5    Counsel, does that date work for the Government?

6         MR. MITCHELL:  Yes, Your Honor.

7         THE COURT:  And Mr. Freedman?

8         MR. FREEDMAN:  Yes, Your Honor.

9         THE COURT:  Very well.

09:49:02  10   I'm not aware of any, but does the Government have

11        any motion to make at this time?

12        MR. MITCHELL:  No, Your Honor.

13        THE COURT:  Very well.

14        Mr. Mizuhara, you're ordered to appear for

09:49:11  15   sentencing on October 25th, 2024, at 2:00 p.m., without any

16        further notice or order of the Court.

17        Do you understand that?

18        DEFENDANT MIZUHARA:  Yes, sir.

19        THE COURT:  I will see you on October 25th.

09:49:26  20   Counsel, anything else we need to accomplish in

21        this case?

22        Mr. Mitchell?

23        MR. MITCHELL:  No, Your Honor.

24        MR. FREEDMAN:  No, Your Honor.

09:49:31  25   THE COURT:  All right.  Thank you very much.

09:49:34  1          THE CLERK:  All rise.

2          *(At 9:49 a.m., proceedings were adjourned.)*

3                              -oOo-

4                           CERTIFICATE

5          I hereby certify that pursuant to Section 753,

6     Title 28, United States Code, the foregoing is a true and

7     correct transcript of the stenographically reported

8     proceedings held in the above-entitled matter and that the

9     transcript page format is in conformance with the

10    regulations of the Judicial Conference of the United States.

11

12    Date:  June 4, 2024

13

14

15                      _____/s/DEBORAH D. PARKER_____
                        DEBORAH D. PARKER, OFFICIAL REPORTER
16

17

18

19

20

21

22

23

24

25

*UNITED STATES DISTRICT COURT*