JOSEPH T. MCNALLY
Acting United States Attorney
LINDSEY GREER DOTSON
Assistant United States Attorney
Chief, Criminal Division
JEFF MITCHELL (Cal. Bar No. 236225)
Assistant United States Attorney
Major Frauds Section
    1100 United States Courthouse
    312 North Spring Street
    Los Angeles, California 90012
    Telephone: (213) 894-0698
    Facsimile: (213) 894-3713
    E-mail:   jeff.mitchell@usdoj.gov

Attorneys for Plaintiff
UNITED STATES OF AMERICA

# UNITED STATES DISTRICT COURT

## FOR THE CENTRAL DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA, | No. CR 24-00054-JWH |
|---|---|
| Plaintiff, | GOVERNMENT'S MOTION TO UNSEAL DOCUMENT; DECLARATION OF AUSA JEFF MITCHELL |
| v. | |
| IPPEI MIZUHARA, | |
| Defendant. | |

Plaintiff United States of America, by and through its counsel of record, the Acting United States Attorney for the Central District of California and Assistant United States Attorney Jeff Mitchell, hereby moves the Court to unseal document #105, an order related to defendant IPPEI MIZUHARA.

//

//

//

The government's motion is based upon the attached memorandum of points and authorities, the declaration of AUSA Jeff Mitchell, and such further evidence and argument as the Court may permit.

Dated: March 26, 2025                    Respectfully submitted,

                                         JOSEPH T. MCNALLY
                                         Acting United States Attorney

                                         LINDSEY GREER DOTSON
                                         Assistant United States Attorney
                                         Chief, Criminal Division


                                              /s/ Jeff Mitchell
                                         JEFF MITCHELL
                                         Assistant United States Attorney

                                         Attorneys for Plaintiff
                                         UNITED STATES OF AMERICA

**MEMORANDUM OF POINTS AND AUTHORITIES**

**I.  INTRODUCTION**

On March 12, 2025, defendant IPPEI MIZUHARA filed an Ex Parte Application for a substantive ruling, as well as a second Ex Parte Application to seal the underlying application.  (Dkt. Nos. 102-103.)  The government did not oppose the substantive request or the sealing.

On March 13, 2025, the Court granted defendant's substantive application as well as the request to seal the application.  The Court, however, sealed both the application and its order.

The government hereby moves to unseal the Court's Order on the substantive application (Dkt. No. 105), but not the Application.

**II.  ARGUMENT**

A "district court has the inherent power to seal documents." United States v. Shryock, 342 F.3d 948, 983 (9th Cir. 2003.) However, in Nixon v. Warner Communications, 435 U.S. 589, 597, 602 (1978), the Supreme Court held that there is a general presumption that filings should be public.  See also Foltz v. State Farm Mut. Auto. Ins. Co., 331 F.3d 1122, 1135 (9th Cir. 2003)("strong presumption in favor of access to court records.")

Courts often seal documents to protect informants, personal information, and to keep ongoing criminal investigations confidential.  See, e.g., United States v. Mann, 829 F.2d 849, 853 (9th Cir. 1987) (court did not abuse its discretion in sealing documents to protect informant and to keep confidential ongoing investigations).

The press and general public, however, have a right of access to documents under the First Amendment.  See Globe Newspaper Co. v.

Superior Ct. for Norfolk Cnty., 457 U.S. 596, 603 (1982); Oregonian Pub. Co. v. U.S. Dist. Court for Dist. of Oregon, 920 F.2d 1462, 1465 (9th Cir. 1990)("Under the first amendment, the press and the public have a presumed right of access to court proceedings and documents . . . . This presumed right can be overcome only by an overriding right or interest 'based on findings that closure is essential to preserve higher values and is narrowly tailored to serve that interest.'") Further, the burden is on the proponent of closure to justify a closure order. Id. at 1467.

The Supreme Court has made clear that criminal proceedings and documents may be closed to the public without violating the first amendment only if three requirements are satisfied: (1) closure serves a compelling interest; (2) there is a substantial probability that, in the absence of closure, this compelling interest would be harmed; and (3) there are no alternatives to closure that would adequately protect the compelling interest. Id. at 1466 (citing Press Enterprise Co. v. Superior Court, 478 U.S. 1, 13-14 (1986).

Here, the Court found good cause to seal defendant's Ex Parte Application based on the reasons described in the Application; however, the Application did not specifically request, let alone provide evidence to support, sealing of the Court's order. Further, the government submits that there are no clear and compelling interests that would support sealing of the Court's Order. See Oregonian, 920 F.2d at 1466. For these reasons, the government moves to unseal the Court's Order on the substantive application (Dkt. No. 105), but not the Application or the reasons in support of sealing the Application.

**III. CONCLUSION**

    For the foregoing reasons, the government requests that the Court unseal Dkt. No. 105.

DECLARATION OF JEFF MITCHELL

I, Jeff Mitchell, declare as follows:

1. I am an Assistant United States Attorney in the United States Attorney's Office for the Central District of California. I represent the government in this case.

2. On March 25, 2025, I advised counsel for defendant Ippei Mizuhara that the government intends to move the Court to unseal the Court's Order (Dkt. No. 105), but not the underlying application.

3. Later that evening, counsel advised me that he takes no position on the Government's Motion to Unseal.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct and that this declaration is executed at Los Angeles, California, on March 26, 2025.

*[signature]*
JEFF MITCHELL